**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SUSAN FLANDER** | § | |
| **Plaintiff,** | § | |
| | § | |
| ***v.*** | § | Civil Action No. 3:13-CV-4576-B-BK |
| | § | |
| **DEPARTMENT OF PUBLIC** | § | |
| **SAFETY,** ***et al.*,** | § | |
| **Defendants.** | § | |

<u>**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**</u>

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management.  Upon review, this case should be **DISMISSED** for lack of jurisdiction.

## I.  BACKGROUND

This case stems from events surrounding Plaintiff's receipt of multiple traffic citations, in multiple years, across multiple jurisdictions.  Plaintiff avers that despite the citations being judicially resolved, her Texas driver's license was suspended.  (Doc. 3 at 2).  She further asserts that the Department of Public Safety ("DPS") reopened violations after they were resolved and that Mesquite police officers issued citations onto her records "on traffic citations that had been closed 10 years earlier."  *Id*. at 3.  Plaintiff also avers that she went to a DPS office in Garland, where a hold on her driver's license was released but her existing identification card was cut up amid confusion about her legal name.  *Id*. at 5.

From what the Court can glean from Plaintiff's *pro se* complaint, she alleges causes of action for: (1) perjury, in violation of TEX. PENAL CODE § 37.02); (2) aggravated perjury, in violation of TEX. PENAL CODE § 37.03; and (3) "fraud and related activity in connection with identification documents," under 18 U.S.C. § 1028.  *Id*. at 4, 6.  Plaintiff contends that DPS deliberately altered the name on her licensing application, and against her will, committed

fraudulent and forced issuance of a new identification card that did not match her Social Security card. *Id*. at 6. Plaintiff further alleges that Defendants attacked her and her family members financially. In her prayer for relief, Plaintiff requests $100,000 in damages. *Id*. at 7.

On November 27, 2013, the Court ordered Plaintiff to brief the issue of the Court's subject-matter jurisdiction over this case. (Doc. 8). Plaintiff responded on November 28, 2013, arguing that her cause of action for fraud under 18 U.S.C. § 1028 provides the Court with federal question jurisdiction. (Doc. 9 at 2).

## II. DISCUSSION

Federal courts are courts of limited jurisdiction and may only hear cases authorized by the Constitution, federal statute, or treaty. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Accordingly, a federal court has an independent duty, at any time throughout the proceedings, to determine whether it properly has subject-matter jurisdiction over a case pending before it. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*."). Moreover, the Court must address its subject-matter jurisdiction at the earliest possible stage since, without it, the case can proceed no further. *Ruhgras*, 526 U.S. at 583; *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Plaintiff asserts in her complaint and subsequent brief that federal question jurisdiction exists under 18 U.S.C. § 1028, a criminal statute for fraud relating to identification. (Doc. 3 at 6; Doc. 9 at 2). It is axiomatic, however, that federal criminal fraud statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975); *see Suter v. Artist M*., 503 U.S. 347, 363 (1992) (the party

seeking to imply a private right of action bears the burden to show that Congress intended to create one).  Nothing in Section 1028 indicates that it is anything more than a "bare criminal statute," and the law does not suggest that civil enforcement of any kind is available to anyone. *Id.* at 79–80; *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (stating that a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another); *Rahmani v. Resorts Int'l Hotel, Inc.*, 20 F. Supp. 2d 932, 937 (E.D. Va. 1998) (no private right of action under Section 1028); *Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 302 (E.D.N.Y. 2004) (same).  Thus, having alleged only violations of Texas statutes and federal criminal law, Plaintiff has wholly failed to establish federal question jurisdiction.

Moreover, while supplemental subject-matter jurisdiction can extend to state law claims, 28 U.S.C. § 1367(a), a plaintiff must establish either that federal law creates the cause of action or that the right to relief "necessarily depends on resolution of a substantial question of federal law" to invoke the federal court's original jurisdiction.  *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)).  The mere presence of a federal issue in a state cause of action does not confer federal question jurisdiction.  *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008) (quotation omitted).  Accordingly, this Court has no basis to adjudicate Plaintiff's allegations of perjury under the Texas Penal Code without some viable federal claim. Without any claims predicated on a substantive question of federal law, this Court is unable to hear Plaintiff's case, much less accord her the relief she seeks.  *Id.*

To the extent Plaintiff attempts to allege claims under non-criminal federal statutes, her "vague references to various federal statutes . . . are insufficient to support the exercise of federal question jurisdiction."  *Deutsche Bank Nat'l Trust v. Broussard*, No. 3:13-CV-1400, 2013 WL

3185919 at *2 (N.D. Tex. 2013) (Lynn, J.) (adopting magistrate's dismissal recommendation where jurisdiction allegedly was conferred by the same statutes Plaintiffs listed here); *see also Girard v. Citimortgage, Inc.*, No. 3:12-CV-4264, 2013 WL 5873297 at *2 (N.D. Tex. 2013) (Godbey, J.) (adopting magistrate's dismissal recommendation because the plaintiff's "single passing reference" to a federal statute does not "support the exercise of federal question jurisdiction."). Accordingly, this case must be dismissed.

## IV.  CONCLUSION

For the reasons stated above, it is recommended that this case be dismissed in its entirety for want of subject-matter jurisdiction.

**SO RECOMMENDED** on January 9, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE